UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THERESA A. LOGAN,

                       Plaintiff,

v.                                                    3:19-CV-1590
                                                      (GTS/ML)

TOWN OF WINDSOR, NEW YORK;
NEW YORK MUNICIPAL RECIPROCAL
INSURANCE COMPANY; ROBERT
BRINKS, Snowplow Truck Driver; and
GREGG STORY, Wingman for Snowplow
Truck Blade,

                       Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

THERESA A. LOGAN
  Plaintiff, *Pro Se*
50 Williams Road
Windsor, New York 13865


MIROSLAV LOVRIC, United States Magistrate Judge


## <u>ORDER and REPORT-RECOMMENDATION</u>

      The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* and motion to appoint counsel filed by Theresa A. Logan ("Plaintiff") to the Court for review.  (Dkt. Nos. 1, 2, 3.)  For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2), deny Plaintiff's motion to appoint counsel (Dkt. No. 3), and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed without leave to amend.

## I.    PROCEDURAL HISTORY

On May 18, 2018, Plaintiff commenced a *pro se* action in the Northern District of New

York 3:18-CV-0593 (GTS/DEP) ("*Logan I*") against the Town of Windsor, Robert Brinks,

Gregg Story, and New York Municipal Insurance Reciprocal ("Defendants") asserting claims of

common law assault and battery based on injuries that she sustained on or about March 7, 2011,

when she was allegedly struck by debris thrown in her direction by a snowplow operated by

Defendants Brinks and Story, who were employees of the Town of Windsor at the time.  (*Logan

I*, Dkt. No. 4 at 2.)

On June 26, 2018, United States Magistrate Judge David E. Peebles granted Plaintiff's

IFP application but recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B), with leave to replead because it did not allege facts plausibly suggesting that the

Court had subject matter jurisdiction over her claims.  (*Logan I*, Dkt. No. 4 at 9.)

On July 11, 2018, Plaintiff filed an Amended Complaint.  (*Logan I*, Dkt. No. 5.)  On

August 14, 2018, Chief United States District Judge Glenn T. Suddaby, accepted and adopted in

its entirety Magistrate Judge Peebles's Report-Recommendation and dismissed Plaintiff's

Amended Complaint.  (*Logan I*, Dkt. No. 6.)  Chief Judge Suddaby held that Plaintiff's

Amended Complaint did "not cure the pleading defects identified by Magistrate Judge Peebles in

his thorough Report-Recommendation."  (*Id*. at 3.)  In addition, Chief Judge Suddaby noted that

"the Amended Complaint does not allege either events occurring within three years of the date of

the filing of the Complaint or facts plausibly suggesting an exception to the statute of limitations

(such as a continuing violation)."  (*Id.* at 4.)  However, since Plaintiff did not have the benefit of

Chief Judge Suddaby's Decision and Order when she filed her Amended Complaint on July 11,

2

2018, she was given "one *final* chance to correct these pleading defects."  (*Id.* at 5 [emphasis in original].)

On September 14, 2018, Plaintiff filed a Second Amended Complaint.  (*Logan I*, Dkt. No. 7.)  On September 28, 2018, Magistrate Judge Peebles recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), without leave to replead.  (*Logan I*, Dkt. No. 8.)

On October 19, 2018, Plaintiff filed a Third Amended Complaint.  (*Logan I*, Dkt. No. 13.)  On December 17, 2018, Chief Judge Suddaby accepted and adopted Magistrate Judge Peebles's Report-Recommendation in its entirety, dismissed Plaintiff's Third Amended Complaint, and certified that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  (*Logan I*, Dkt. No. 14.)

On January 11, 2019, Plaintiff filed a notice of appeal.  (*Logan I*, Dkt. No. 16.)  On June 5, 2019, the Second Circuit issued an order dismissing Plaintiff's appeal because it "lacks an arguable basis either in law or in fact."  (*Logan I*, Dkt. No. 18.)

On December 20, 2019, Plaintiff commenced this *pro se* action against Defendants.

## II.    PLAINTIFF'S ALLEGATIONS

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that she sustained injuries on or about March 7, 2011, when she was struck by debris thrown in her direction by a snowplow operated by Defendants Brinks and Story, who were employees of the Town of Windsor at the time.  (*See generally* Dkt. No. 1.)  Plaintiff alleges that as a result of these injuries, she sustained permanent physical damage, resigned from her job, and has become

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

financially stressed.  (*Id*.)  Plaintiff alleges that her "original lawsuit . . . was set at $209.000.00 dollars" and she is "more than willing to negotiate and mediate for a lower amount" but "is asking for the Courts decision on what they feel is a fare amount.?"  (Dkt. No. 1 at 9 [unaltered text, errors in original].)

In addition, Plaintiff alleges that during a court proceeding related to the events alleged in the Complaint, Defendants' attorney, James P. O'Brien submitted "court documents. Stating 'plaintiff has bone degeneration, arthritis, and other pre-existing medical issues'. He also stated that 'plaintiff only resided at her home for 6 months'."  (*Id*. at 10.)  However, Plaintiff alleges that she has not been diagnosed with nor she have any of the symptoms described by Mr. O'Brien and she "had been living at her residence for 3.5 years."  (*Id*.)

As a result of these factual allegations, Plaintiff asserts the following two claims: (1) a claim of negligence in operation of the snowplow; and (2) defamation based on Defendants' attorney's statements.  (Dkt. No. 1 at 9-10.)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*.  (Dkt. No. 2.)

III.    **PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[2]  After reviewing Plaintiff's *in*

---

[2]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing

4

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.

Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

## IV.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005)

---

financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]     Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, she will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

(citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)

6

(reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim).  "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.  *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint."  *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## V.   ANALYSIS

After careful consideration, I recommend dismissal of Plaintiff's claims because the Complaint fails to allege facts plausibly suggesting that the Court has subject matter jurisdiction.

Subject matter jurisdiction can never be waived or forfeited.  *ACCD Global Agric., Inc. v. Perry*, 12-CV-6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty,*

*LLC v. Faust,* 09-CV-7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013)).  Federal courts are

mandated to examine their own jurisdiction *sua sponte* at every stage of the litigation.  *ACCD*

*Global Agric., Inc*., 2013 WL 840706, at *1; *see In re Tronox, Inc.*, 855 F.3d 84, 85 (2d Cir.

2017) (federal courts have an independent obligation to consider the presence or absence of

subject matter jurisdiction *sua sponte*).

> A federal court exercises limited jurisdiction pursuant to Article III of the
> Constitution.  It has subject matter jurisdiction over claims in which: (1)
> there is a 'federal question' in that a colorable claim arises under the
> 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331;
> and/or if (2) there is complete "diversity of citizenship" between each
> plaintiff and all defendants and a minimum of $75,000 in controversy, 28
> U.S.C. § 1332.

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting

*Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of

subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, 14-CV-0053, 2015 WL

2124365 (D. Conn. May 6, 2015).

     The existence of a federal question is governed by the "well-pleaded complaint" rule,

which provides that federal jurisdiction exists only when a federal question is presented on the

face of the plaintiff's properly pleaded complaint.  28 U.S.C. § 1331.  A well-pleaded complaint

presents a federal question where it "establishes either that federal law creates the cause of action

or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question

of federal law."  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S.

1, 9 (1983).

     Here, the Civil Cover Sheet, which accompanied Plaintiff's Complaint, alleges that the

basis for the Court's jurisdiction is that it presents a federal question.  (Dkt. No. 1, Attach. 1.)

However, the Complaint fails to cite any federal statute, treaty, or the United States Constitution

as a basis for Plaintiff's claims.  Instead, the Complaint states that this Court has jurisdiction because "Plaintiff is a resident of Broome County.  Also the 'Vehicle & Traffic Law for New York State s1103(b)', is when the Conduct of the Snowplow Operators is judged to be, Drunk Driving while plowing a road, or 'RECKLESS DISREGARD'."  (Dkt. No. 1 at 2 [unaltered text, errors in original].)  In addition, the Complaint alleges that a "friend, told plaintiff about Federal Court.  Plaintiff states 'the respect and concern she's received is phenomenal!' This is also why plaintiff feels the Federal Court is the proper Venue."  (Dkt. No. 1 at 3 [unaltered text, errors in original].)

Merely because the events giving rise to Plaintiff's claims occurred within the Northern District of New York, does not convey jurisdiction to this Court.  Plaintiff's only asserted causes of action (negligence and defamation), are New York State common-law torts governed by state law, and as plead, these state-law claims do not raise any federal questions.  *Wilson v. Neighborhood Restore Dev.*, 18-CV-1172, 2018 WL 2390143, at *3 (E.D.N.Y. May 18, 2018) (dismissing the complaint for lack of subject matter jurisdiction where the plaintiffs alleged claims of breach of contract, breach of warranty of habitability, negligence, personal injury, and fraud); *Lindstrom v. Transervice Logistics Inc.*, 17-CV-6988, 2018 WL 1121598, at *2 (E.D.N.Y. Feb. 27, 2018) (*sua sponte* dismissing the complaint for lack of subject matter jurisdiction, where the plaintiffs alleged claims pursuant to negligence and loss of consortium based on a multi-vehicle automobile accident that occurred on Interstate 78); *West v. Sanchez*, 17-CV-2482, 2017 WL 1628887, at *2 (E.D.N.Y. May 1, 2017) (finding no federal question jurisdiction where the "allegations appear to amount to a state-law personal injury claim"); *Zheng v. General Elec. Co.*, 15-CV-1232, 2015 WL 7421961, at *3 (N.D.N.Y. Oct. 26, 2015) (Hummel, M.J.) ("[a] claim for defamation against non-governmental [actors] arises under New

York State common law."); *Mosley v. McIntosh*, 08-CV-9635, 2009 WL 1542546, at *3 (S.D.N.Y. May 29, 2009) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)) ("'Defamation . . . is an issue of state law, not federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action.'"); *White v. Ercole*, 06-CV-1136, 2009 WL 602890, at *5 (S.D.N.Y. Mar. 3, 2009) (negligence claim is a matter of state law).

The Court notes that Plaintiff does not assert any colorable claim arising under the Constitution, laws, or treaties of the United States as a basis for federal jurisdiction, and the case could be dismissed for that reason. The Court must keep in mind, however, that when a plaintiff proceeds *pro se*, the pleadings must be construed with great liberality. *McDermott*, 2011 WL 4834257, at *3 (citing *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008)). The Court must interpret the pleadings to raise the strongest arguments they suggest. *Id*. (citing *McPherson v. Coombe*, 174 F.3d 276, 279 (2d Cir. 1999)).

There is no diversity of citizenship sufficient to assert jurisdiction in this case pursuant to 28 U.S.C. § 1332. (Dkt. No. 1 at 4 [alleging that Plaintiff is a citizen of New York State and that Defendant Town of Windsor is also a citizen of New York State]); *see Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972) ("It is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States.")

After carefully reviewing Plaintiff's Complaint (and the complaint and amended complaints in *Logan I*, which relate to the same events alleged in the Complaint here), and considering other possible bases for jurisdiction, I find that there is no basis for jurisdiction over Plaintiff's Complaint.

## VI.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[4]

In this case, because the Court already afforded Plaintiff an opportunity to amend her Complaint three times in *Logan I*, which, as set forth *infra*, relates to the same underlying events as alleged here, I find that the Court need not grant Plaintiff an opportunity to amend.  *See Hall v. Clinton Cnty.*, 18-CV-1405, 2020 WL 1923236, at *7 (N.D.N.Y. Apr. 21, 2020) (Suddaby, C.J.) (dismissing without leave to amend the *pro se* plaintiff's amended complaint where the

---

[4]      *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"), is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

court "already afforded Plaintiff an opportunity to amend his Complaint" and the court found

that it "lacks subject-matter jurisdiction."). Moreover, the Court notes that it afforded Plaintiff

substantial solicitude in construing the content of her complaints and in considering the totality

of all her allegations when determining the sufficiency of her complaints. (The Court has also

ignored the vexatiousness of Plaintiff's having filed virtually identical complaints in this Court.)[5]

The Court cannot conceive of additional allegations that Plaintiff could add to the collection of

complaints and amendments that the Court has already considered. As a result, despite

Plaintiff's *pro se* status, the Court finds that allowing an opportunity to amend would be futile.

*See Doroz v. Delorio's Foods, Inc.*, 19-CV-0924, 2020 WL 529841, at \*13 (N.D.N.Y. Feb. 3,

2020) (Suddaby, C.J.) (finding that allowing an opportunity to amend would be futile where the

Court already afforded the plaintiff "substantial solicitude in construing the context" of his

submissions and the plaintiff "filed virtually identical complaints in this Court"); *see also*

*Carrasco v. Annucci,* 17-CV-0246, 2017 WL 6492010, at \*2 (N.D.N.Y. Dec. 15, 2017)

(Suddaby, C.J.) (dismissing a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to

amend "because plaintiff has already had two opportunities to amend the complaint").

## VII.   PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 3.) The

application indicates that Plaintiff has been unsuccessful in her efforts to obtain counsel on her

own from the private sector. (*Id.*)

---

[5]      In fact, the Court notes that the first page of the Complaint has the type-written words "Motion for Rehearing" crossed out. (Dkt. No. 1 at 1.) In addition, the first page of the Complaint also has the type-written words "(GTS/DEP)" crossed out. (*Id.*) "GTS" are the initials of the assigned Chief United States District Judge in *Logan I*, and "DEP" are the initials of the assigned United States Magistrate Judge in *Logan I*. These markings further emphasize Plaintiff's intent to get a figurative "second bite at the apple" after *Logan I* was dismissed with prejudice.

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."  *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action.  As such, the Court cannot find that Plaintiff's claims are likely to be of substance.  Plaintiff's motion (Dkt. No. 3) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) because the Court lacks subject matter jurisdiction.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[7]

Dated: April 22, 2020
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[6]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

[7]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).