UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THERESA A. LOGAN,

                           Plaintiff,

v.                                                 3:19-CV-1590
                                                 (GTS/ML)

TOWN OF WINDSOR, NEW YORK; NEW YORK
MUN. RECIPROCAL INS. CO.; ROBERT BRINKS,
Snowplow Truck Driver; and GREGG STORY,
Wingman for Snowplow Truck Blade,

                           Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

THERESA A. LOGAN
  Plaintiff, *Pro Se*
50 Williams Road
Windsor, New York 13865

COUGHLIN & GERHART                        THOMAS HEGARTY BOUMAN, ESQ.
  Counsel for Defendants
P.O. Box 2039
99 Corporate Drive
Binghamton, New York 13902

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* torts action filed by Theresa Logan ("Plaintiff") asserting a personal injury claim against the Town of Windsor, New York, its insurance company, and two of its employees ("Defendants"), are (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed without leave to replead for lack of subject-matter jurisdiction, (2) Plaintiff's Objections to the Report-Recommendation, (3) Defendants' response to Plaintiff's Objections,

and (4) Plaintiff's reply to Defendants' response. (Dkt. Nos. 5, 6, 8, 10.) After carefully reviewing the relevant papers herein, the Court can find no error in the Report-Recommendation, clear or otherwise. Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only three points.

First, Plaintiff is respectfully advised that the primary defect in her Complaint identified by Magistrate Judge Lovric in his Report-Recommendation is not the untimeliness of her claims (due to her violation of the applicable statute of limitations) but the Court's lack of subject-matter jurisdiction over those claims (due to lack of either federal question jurisdiction or diversity of jurisdiction). As a result, her argument regarding the appropriateness of tolling the statute of limitations is misplaced: the Court cannot toll a limitations period in an action over which it has no subject-matter jurisdiction.

Second, the Court finds, from the face of Plaintiff's Complaint and exhibits thereto, that Defendant New York Municipal Insurance Reciprocal appears to be a citizen of New York State for purposes of diversity jurisdiction.

Third, in response to Defendants' request (in their response to Plaintiff's Objections) that the Court admonish Plaintiff (specifically, that the Court warn her that filing further frivolous, vexatious, and malicious litigation regarding this matter may result in the imposition of costs and/or sanctions), the Court agrees to a certain extent: <u>Plaintiff should be, and is hereby, cautioned that further unmerited filings by her will likely result in an Order for her to Show Cause why a Pre-Filing Order should not be issued against her, enjoining her from filing any</u>

future documents in this Court as a *pro se* litigant without the leave of the Court.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Complaint (Dkt. No. 1) is **DISMISSED** without leave to replead for lack of subject-matter jurisdiction.

Dated: July 20, 2020
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge